UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| REGINALD TATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00117-JPH-MG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Motion for Appointment of Counsel and
Granting Motion for Status Update**

Petitioner Reginald Tate's motions seeking the appointment of counsel to represent him in litigating his petition for writ of habeas corpus under 28 U.S.C. § 2241 have been considered.

The authority for appointing counsel in an action seeking relief under § 2241 comes from the Criminal Justice Act, 18 U.S.C. § 3006A. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.").

First, the Court must determine whether the petitioner is financially eligible for the appointment of counsel. To be financially eligible for the appointment of counsel, the petitioner does not have to be indigent; he must demonstrate only that he is financially unable to obtain counsel. *Gish v. Dittmann*, 291 F. Supp. 3d 864, 876 (W.D. Wis. 2017) (citing *United States v. Sarsoun*, 834 F.2d 1358, 1362 (7th Cir. 1987) ("The Criminal Justice Act ... merely requires that a defendant be financially unable to obtain counsel—a lower standard than indigency.")). The petitioner was previously found eligible for appointment of counsel in his criminal case. *See United States v. Tate*, No. 3:16-cr-74-MOC-DSC-1 (W.D.N.C.) (entries for April 13–14, 2016, appointing

CJA counsel). Based on this past appointment, the Court concludes that the petitioner is financially eligible for the appointment of counsel.

Next, the Court must determine whether the appointment of counsel would serve the interests of justice. A petitioner pursuing federal habeas relief is entitled to counsel only when he is under a death sentence, *see* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott,* 512 U.S. 849, 855 (1994), or when an evidentiary hearing is necessary to resolve the petition. Rule 8(c) of the *Rules Governing Section 2254 Cases*. In this case, the petitioner is not under a death sentence, and no hearing is currently anticipated. Therefore, whether to appoint counsel is purely a discretionary matter. *See Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997); *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007). Thus, the Court must consider "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett,* 130 F.3d at 281.

In support of his request for counsel, the petitioner states that finished "around" eleventh grade and is hoping to get his GED, but that he has trouble reading. Dkt. 16 at 2. He also states that he has ADHD, struggles with staying focused, and is on medication for depression. *Id.* at 4. He explains that he has not received any help with his case to date and has no one to help him. *Id.* He states that he is held in a special housing unit, cannot access the law library, and is not allowed to have pens. *Id.*; dkt. 15 at 1. He explains that, if the Court appoints counsel, counsel will be able to obtain video footage of the event that led to his disciplinary sanction and show that he did not commit the alleged offense. *Id.* He explains that counsel will also be able to cross examine officers and inmates. *Id.* Finally, he explains that counsel will be able to show that he has been subject to other constitutional violations. *Id.* at 1–3; *see also* dkt. 1-1.

In this case, the appointment of counsel is not necessary to serve the interests of justice. To begin, this case is limited to reviewing whether the petitioner's due process rights were violated in connection with Incident Report #3568047. *See, e.g.*, *Piggie v. Cotton*, 342 F.3d 660, 667 (7th Cir. 2003) ("This court does not sit in review of the correctness of the [Disciplinary Hearing Officer's] decision; [the petitioner] is entitled to relief only if the procedures used to arrive at that sanction do not comport with due process.").

So framed, it does not appear that the difficulty of the case exceeds the petitioner's ability to litigate his claims. The United States filed a copy of the record associated with Incident Report #3568047 with its return to the petitioner's petition, thereby giving the petitioner access to the materials needed to support his arguments, which are both fact-based arguments.[1] The Court understands that the petitioner has limited education, is untrained in the law, and suffers from medical conditions that make litigation more difficult. The Court also recognizes that being housed in segregated housing may add barriers to the petitioner's ability to litigate. But many prisoners are in the same situation. Moreover, to date, the petitioner's filings have been comprehensible and evidence an ability to use the Court's processes. Accordingly, the Court finds that the petitioner is competent to litigate this action pro se. The Court will review the parties' filings after the petitioner's petition is fully briefed. If a hearing is necessary, the Court will reconsider this motion.

For these reasons, the petitioner's motions for appointment of counsel, dkts. [15], [16], [19], are **denied**. Although the petitioner has filed documents explaining some of the reasons he contests the disciplinary sanction in this case, *see, e.g.*, dkt. 15, he has not yet filed a standalone reply to the United States' return. Accordingly, the petitioner shall have up to and including **December 1,**

---

[1] The Court notes that, if review of the video of the incident in question becomes necessary in deciding the petitioner's petition for writ of habeas corpus, the Court will order the United States to file the video *ex parte*.

3

**2022**, to file a reply to the United States' return. If he fails to do so, the Court will decide his petition for writ of habeas corpus on the basis of the current record. Finally, the petitioner's motion for status update, dkt. [18], is **granted** to the extent that the Court explains that it received his $5.00 filing fee and has now ruled on his motions for appointment of counsel.

The **clerk is directed** to enclose a copy of the public docket sheet with the petitioner's copy of this Order.

**SO ORDERED.**

Date: 11/4/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

REGINALD TATE
25934-058
LEE - USP
LEE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 305
JONESVILLE, VA 24263

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov